# Stanley W. Arnheim, Inc., v. Sunray Laundry & Dry Cleaning, Inc.

*Smith, Best & Horn,* for plaintiff.
*Joseph M. Loughran,* for defendant.

O'CONNELL, J., November 18, 1953.—There is before us a motion to dismiss the citation issued by this court under the Act of April 14, 1828, P. L. 439, sec. 1, 12 PS §1331. The citation was directed to Nicholas J. Nigro, a former president of defendant company requiring him to appear in court on a day certain and answer such interrogatories as may be put to him concerning the assets of Sunray Laundry & Dry Cleaning, Inc.

On March 31, 1950, a judgment in the sum of $2,125 was entered in favor of Stanley W. Arnheim, Inc., against the Sunray Laundry & Cleaning, Inc., at October term, 1947, no. 3413, in the Court of Common Pleas of Allegheny County, Pa. The fi. fa. was issued at January term, 1951, fi. fa. no. 491, in the Court of Common Pleas of Allegheny County, Pa., and a return "nulla bona" was made.

Thereafter an exemplification of the record was filed in this court and a judgment secured thereon in Westmoreland County, Pa., at August term, 1950, no. 543. A fi. fa. was then issued at May term, 1951, no. X89, and a return of "nulla bona" was made on that writ.

It is contended by plaintiff that defendant corporation has abandoned its registered office and has filed an "out of existence" affidavit with the Department of Revenue of the Commonwealth of Pennsylvania; that the corporation has not been dissolved in the manner provided by law, nor has any arrangement been made to pay the aforesaid judgment rendered against it. No property of the corporation can be found and plaintiff alleges that the corporation itself cannot be found.

The citation in this case was issued at the request of plaintiff and directed to Nicholas J. Nigro as president of defendant company. The citation was duly issued and served and Nicholas J. Nigro has attacked the validity of the citation and moved its dismissal.

Respondent, Nicholas J. Nigro, in his motion to dismiss the citation has given eight reasons why the same should be dismissed. We are impressed with none of them. Respondent generally alleges that this court is without jurisdiction to issue the citation; that the Act of May 9, 1913, P. L. 197, sec. 1, 12 PS §2242, confers no jurisdiction on this court for the granting of the citation; that there is no authority in the Pennsylvania Rules of Civil Procedure for this citation and that the investigation seeking discovery of assets of defendant company is unreasonable and in violation of Rule 4011(f), of the Rules of Civil Procedure.

The citation in this case was not issued under authority of the Rules of Civil Procedure nor the Act of May 9, 1913, P. L. 197 above referred to but the citation is authorized by section 1 of the Act of April 14, 1828, P. L. 439, 12 PS §1331. This act provides, inter alia, as follows:

"Whenever a judgment may be rendered in any court of record against any private corporation within this Commonwealth, in any civil action, and a writ of fieri facias shall be issued on such judgment, and the

sheriff to whom the same may be directed shall make a return of nulla bona on the same, it shall and may be lawful for the plaintiff in such action to apply by petition and affidavit to the court in which such judgment has been rendered, stating that no property of the defendants can be found on which an execution may be levied, and that the party making the application verily believes that the effects of the corporation are concealed for the purpose of avoiding the payment of their debts, whereupon the said court may issue a citation, directed to the president, secretary, treasurer, or other officers and members of the said corporation, commanding him or them to appear in the court on a day certain, and answer such interrogatories as may be put to them touching the effects of the corporation, which citation shall be served by the sheriff. . . ."

The Act of 1828 above referred to has not been repealed either by implication or expressly by statute nor has it been superseded by the Rules of Civil Procedure. See Anderson, Pennsylvania Civil Practice, vol. 5, p. 805, note 5, and Commercial National Bank & Trust Company v. American Kid Company, 16 D. & C. 799.

"The Act of May 9, 1913, P. L. 197, authorized the examination of a judgment debtor, and none other may be examined. A debtor corporation is not within the act. Where discovery is sought against property of a debtor corporation, a method is provided by the Act of April 14, 1828, P. L. 439, which is still in force": Kohn, Adler & Company v. I. Hyman & Company, 9 D. & C. 3. (syllabi)

As to the Rules of Civil Procedure, Rule 4023(6) is as follows (The following acts of assembly shall not be deemed suspended or affected) :

"Any Act of Assembly relating to the examination of persons, assignees for benefit of creditors and fidu-

ciaries, or the examination or production of tangible things in proceedings upon insolvency, election contests, accounting of fiduciaries, appeals from administrative agencies, appeals from arbitrators, mechanics liens, *or in discovery in aid of execution,* domestic attachment, escheat, stockholders' actions or actions to forfeit corporate charters or franchises."

That this rule was intended to leave the Act of 1828 in full force and effect, see Anderson's Pennsylvania Civil Practice, vol. 5, p. 802, note 44, on page 803.

### Order

And now, to wit, November 18, 1953, respondent's motion to dismiss the citation heretofore issued by this court be and the same hereby is denied. Respondent is hereby directed to make answer to the interrogatories propounded to him and required by the citation.